THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 2:25-mj-02303-DLM

GREGORY VANDENBERG,

    Defendant.

**OPPOSED MOTION TO RECONSIDER DETENTION ORDER
AND SET CONDITIONS OF RELEASE PENDING TRIAL**

Comes now the Defendant, GREGORY VANDENBERG, through counsel of record, Daniel Rubin, Assistant Federal Public Defender, and hereby submits this Motion requesting that the Court reconsider the Order of Detention entered on June 16, 2025, by United States Magistrate Judge James E. Marner in the District of Arizona, and that the Court set a hearing to consider conditions of release pending resolution of this case. The Government opposes this Motion.

                                          **I.**       **RELEVANT BACKGROUND**

On June 13, 2025, an amended criminal complaint was filed charging Mr. Vandenberg with 18 U.S.C. § 844(d). (Doc. 3.) Mr. Vandenberg was arrested in Arizona and had his bail hearing there. He was ordered detained. He was then transported to New Mexico and was arraigned on an indictment in Las Cruces, New Mexico on July 15, 2025.

Mr. Vandenberg would like the Court to consider releasing him to Diersen Charities in Las Cruces, NM. Until recently, Mr. Vandenberg did not have contact information for anyone who could verify Mr. Vandenberg's information. Diersen Charities policy is that it will not accept any residents who have unverified information.

Mr. Vandenberg now has contact information for Navy Officer Chris Swallow who has known Mr. Vandenberg for over 15 years and has agreed to assist in confirming Mr. Vandenberg's information.  Mr. Vandenberg requests that the Court interview Mr. Vandenberg, with Mr. Vandenberg's attorney Daniel Rubin present during that interview, and then order US Probation to interview Mr. Swallow in order to confirm Mr. Vandenberg's information.  Mr. Vandenberg then requests to be heard on release to Diersen after those interviews have taken place and requests a Court setting to argue for his release to Diersen.

Mr. Rubin has spoken with Navy Officer Chris Swallow, and he has confirmed that he will be happy to confirm information regarding Mr. Vandenberg.

## II.     STANDARD OF REVIEW

Under the Bail Reform Act, a hearing to consider conditions of release or detention may be reopened at any time before trial if the Court finds "that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f).

The facts the Court uses to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence.  *Id.*

The Government might attempt to argue that the appropriate jurisdiction to hear this motion is the District of Arizona.  This makes absolutely no sense as Mr. Vandenberg's case is now in Las Cruces, New Mexico and he is requesting to be released in New Mexico.

### III.   ARGUMENT

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, the Court must consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—
   a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
   b) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

In consideration of the 3142(g) factors and the new information presented below, Mr. Vandenberg contends that there are conditions of release that will reasonably assure his appearance in Court. He also contends that he is not a danger to the community.

3

## IV. CONCLUSION

For the preceding reasons, Mr. Vandenberg respectfully requests that the Court set a hearing to reconsider the District of Arizona's Order of Detention and set conditions of release pending resolution of this case.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
506 S. Main, Suite 400
Las Cruces, NM 88001
(575) 527-6930

Electronically filed (September 3, 2025)
By: */s/ Daniel Rubin*
DANIEL RUBIN
Assistant Federal Public Defender